**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WALTER AMILCAR ESPINOZA ORELLANA, <br><br> Petitioner, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No. 18-71606 <br><br> Agency No. A206-272-122 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 22, 2021[**]
San Francisco, California

Before: BERZON, BEA, and MURGUIA, Circuit Judges.

Walter Amilcar Espinoza Orellana ("Espinoza Orellana")—a native and

citizen of El Salvador—petitions for review of the Board of Immigration Appeals'

("BIA") order affirming the Immigration Judge's ("IJ") denial of Espinoza

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Orellana's applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252 and deny the petition.

Where the BIA cites *Matter of Burbano*, 20 I. & N. Dec. 872 (B.I.A. 1994), "and also provides its own review of the evidence and law," the court reviews the decisions of both the IJ and BIA. *See Aguilar Fermin v. Barr*, 958 F.3d 887, 891 (9th Cir. 2020), *cert. denied*, 141 S. Ct. 664 (2020). We review the BIA's legal conclusions de novo, *Santiago-Rodriguez v. Holder*, 657 F.3d 820, 829 (9th Cir. 2011), and its factual findings for substantial evidence, *Sinha v. Holder*, 564 F.3d 1015, 1020 (9th Cir. 2009). Substantial evidence review requires us to uphold the agency's factual findings "unless any reasonable adjudicator would be compelled to conclude to the contrary." *See Singh v. Lynch*, 802 F.3d 972, 974 (9th Cir. 2015) (quoting 8 U.S.C. § 1252(b)(4)(B)), *overruled on other grounds by Alam v. Garland*, 11 F.4th 1133, 1136–37 (9th Cir. 2021) (en banc).

Espinoza Orellana applied for relief after May 11, 2005, therefore the REAL ID Act's standards regarding adverse credibility findings guide our review. *See Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010). Under the Act, credibility findings need not go "to the heart of the applicant's claim." *Id*. at 1040 (quoting 8 U.S.C. § 1158(b)(1)(B)(iii)). "'[I]n assessing an adverse credibility finding under the [REAL ID] Act, we must look to the 'totality of the

2

circumstances[ ] and all relevant factors.'" *Alam*, 11 F.4th at 1137 (quoting 8 U.S.C. § 1158(b)(1)(B)(iii)).

At his merits hearing, Espinoza Orellana testified to three incidents of persecution by a gang of supporters of a rival political party. Espinoza Orellana testified that rivals came to his home three times in about one week and demanded his voting credentials with threats of harm. He refused, and they did not harm him, though one rival reached through a fence and tried to grab him. Espinoza Orellana also testified that in 2010 his brother was murdered because of similar political beliefs and in 2014 his brother-in-law was also murdered for these beliefs.

The IJ found Espinoza Orellana's applications were untimely. In evaluating the merits of Espinoza Orellana's claims, the IJ found that Espinoza Orellana had not testified credibly and the incidents he experienced did not constitute persecution, so Espinoza Orellana could not meet his burden of proof for obtaining asylum and withholding of removal. The IJ also found that Espinoza Orellana did not meet his burden of proof for obtaining CAT relief. The IJ's findings were supported by substantial evidence, so we must deny the petition.

Espinoza Orellana did not submit evidence to support his argument that the one-year filing deadline for asylum applications, 8 U.S.C. § 1158(a)(2)(B), should be tolled because he received incorrect advice. *Dhital v. Mukasey*, 532 F.3d 1044, 1049 (9th Cir. 2008) (per curiam) (citing 8 U.S.C. § 1158(a)(2)(D)). Espinoza

Orellana argues that *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988)—which relates to the ineffective assistance of counsel—does not apply here because there is no evidence in the record about who misled him, be it an attorney or non-licensed individual. This argument, however, highlights the lack of evidence in the record generally. Espinoza Orellana's argument that the deadline should be tolled because he is a class member in *Rojas v. Johnson*, 305 F. Supp. 3d 1176 (W.D. Wash. 2018), is similarly unsupported. Espinoza Orellana has not provided any evidence, or even argument, about how and to which of the *Rojas* classes he belongs.

At least four specific and cogent reasons support the agency's adverse credibility determination. First, the IJ found that Espinoza Orellana's demeanor weighed against credibility.[1] The IJ cited several examples of Espinoza Orellana responding to a question in a way which did not answer the question asked. Second, Espinoza Orellana did not provide complete and accurate information in his application about the number of siblings he has and where they live. This information undercut part of his argument, as his father and several siblings share Espinoza Orellana's political beliefs but continue to live unharmed in the same

---

[1] The government argues Espinoza Orellana waived the demeanor issue because he failed to meaningfully contest it in his opening brief. Espinoza Orellana argued this issue separately in his brief, so he did not forfeit it. *See, e.g.*, *Barrios v. Holder*, 581 F.3d 849, 856 n.6 (9th Cir. 2009); *Martinez-Serrano v. INS*, 94 F.3d 1256, 1259–60 (9th Cir. 1996).

4

area in which he previously lived in El Salvador.

Third, Espinoza Orellana's application and declaration failed to reveal that his brother-in-law had been killed because of his political beliefs and failed to explain some aspects of his brother's death. But Espinoza Orellana then relied on omitted details to support his testimony that he had been threatened and would be harmed for his beliefs if he were to return to El Salvador. Fourth, Espinoza Orellana did not provide corroborating documents, such as statements from a person who he testified had witnessed his brother's death or letters from party leaders stating he had worked for their party. His explanations for these omissions and inconsistencies (e.g., that he did not realize the information's significance or relevance, that he did not count his half-siblings as siblings, that party leaders are in El Salvador) do not "compel" the conclusion that he testified credibly. *Cf. Parada v. Sessions*, 902 F.3d 901, 908–09 (9th Cir. 2018) (quoting *Afriyie v. Holder*, 613 F.3d 924, 931 (9th Cir. 2010)); *Gui v. INS*, 280 F.3d 1217, 1225–28 (9th Cir. 2002).

Nor does Espinoza Orellana challenge the finding that he failed to provide evidence of government acquiescence in the harm he describes. *Meza-Vazquez v. Garland*, 993 F.3d 726, 729–30 (9th Cir. 2021) ("A government's inability or refusal to protect against persecution is a core requirement for withholding of removal."). Espinoza Orellana instead references a country conditions report

which was not part of the record to support his argument. Espinoza Orellana argues that "[w]hile not admitted into the record, the Agency should have taken judicial notice of these Country Conditions since they are readily available on the internet." He further argues that he has suffered a due process violation because the IJ declined to accept materials that were not timely submitted at least thirty days prior to his merits hearing but were instead submitted several days before the scheduled hearing. Espinoza Orellana had the burden and the opportunity to submit evidence into the record to support his claims, but he did not timely do so. *Madrigal v. Holder*, 716 F.3d 499, 503 (9th Cir. 2013); 8 C.F.R. § 1003.31(c).

Espinoza Orellana also did not prove that he suffered past persecution or had a well-founded fear of future persecution. *Madrigal*, 716 F.3d at 503; 8 C.F.R. § 1208.13(b)(1). The three incidents Espinoza Orellana experienced, in which members of a rival political gang came to his home and threatened him but did not carry out their threats, do not constitute past persecution. As discussed above, multiple members of Espinoza Orellana's family who share his political beliefs continue to live in the same area and have not been harmed. His testimony about the deaths of his brother and brother-in-law was speculative as to why they were killed and by whom, and was not supported by record evidence.

We therefore conclude that substantial evidence supports the agency's denial of asylum and withholding of removal.

6

Espinoza Orellana's CAT claim also fails. Espinoza Orellana argues that we should reverse the BIA's denial of CAT relief because he has suffered "severe psychological trauma" and the country conditions evidence shows "the Salvadoran government not only acquiesces but even participates in . . . rampant violence." Although an adverse credibility finding does not foreclose a CAT claim, *Kamalthas v. INS*, 251 F.3d 1279, 1284 (9th Cir. 2001), Espinoza Orellana has not presented sufficient evidence to compel reversal of the agency's findings.

As discussed, the IJ's adverse credibility finding was supported, and thus Espinoza Orellana's testimony about the harm he suffered could not be credited. Even crediting his testimony, Espinoza Orellana did not show that "he would be subject to a 'particularized threat of torture.'" *Dhital*, 532 F.3d at 1051 (emphasis omitted). Espinoza Orellana was not harmed by gang members, and family members who share his politics still live in the area unharmed. He did not submit evidence that members of his political party are subject to torture. Espinoza Orellana therefore has not shown a particularized threat of harm rising to the level of torture.

Further, Espinoza Orellana did not show that any "torture" he fears would be "inflicted by or at the instigation of or with the consent or acquiescence of a public official." *Zheng v. Ashcroft*, 332 F.3d 1186, 1188 (9th Cir. 2003) (emphasis omitted) (quoting 8 C.F.R. § 208.18(a)(1)). Espinoza Orellana did not report the

7

threats to the police; submitted no evidence of government acquiescence in harm to himself, his family members, or individuals with similar characteristics; and did not timely submit any country conditions evidence.

We therefore conclude that substantial evidence supports the agency's denial of CAT relief.

**Petition for review is DENIED.**