**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ARTEM PAKHOL, | No.    20-71959 |
| Petitioner, | Agency No. A201-910-367 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 8, 2021[**]
San Francisco, California

Before:  LUCERO,[***] IKUTA, and VANDYKE, Circuit Judges.

Artem Pakhol seeks review of a decision of the Board of Immigration

Appeals (BIA) dismissing his administrative appeal of an Immigration Judge's (IJ)

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Carlos F. Lucero, United States Circuit Judge for the U.S. Court of Appeals for the Tenth Circuit, sitting by designation.

order denying his request for a continuance to obtain counsel, and affirming the IJ's denial of Pakhol's applications for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252.

Both parties recognize that Pakhol's right to counsel claim may be affected by intervening caselaw, *see Usubakunov v. Garland*, No. 18-72974, 2021 WL 5045740, at *5 (9th Cir. Nov. 1, 2021), and therefore request remand to the BIA. Where, as here, intervening caselaw may affect an agency's previous decision, the proper course is to remand to the agency for the "the opportunity to address the matter in the first instance." *INS v. Orlando Ventura*, 537 U.S. 12, 17 (2002) (per curiam). We therefore reject Pakhol's request to remand to the BIA with directions to order a new hearing. *See Meza-Vazquez v. Garland*, 993 F.3d 726, 729 (9th Cir. 2021). Because we remand to the BIA to reconsider Pakhol's right to counsel claim in light of *Usubakunov*, we do not address Pakhol's additional claims on appeal.

**REMANDED.**[1]

---

[1] Each party will bear its own costs on appeal.