NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FEB 14 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ELDER DE LOS SANTOS,<br><br>        Petitioner,<br><br>  v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>        Respondent. | No.   20-71235<br><br>Agency No. A201-906-319<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 10, 2022[**]
Phoenix, Arizona

Before: MURGUIA, Chief Judge, and O'SCANNLAIN and GRABER, Circuit Judges.

Petitioner Elder Gudiel De Los Santos-Perez, a native and citizen of

Guatemala, timely seeks review of the Board of Immigration Appeals' ("BIA")

dismissal of his appeal from an immigration judge's ("IJ") denial of relief from

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

removal and the IJ's entry of a final order of removal.  Reviewing questions of law de novo, and reviewing for substantial evidence the agency's factual findings, Flores-Rodriguez v. Garland, 8 F.4th 1108, 1113 (9th Cir. 2021), we deny the petition.

1.  We decline to exercise our discretion to reach Petitioner's arguments pertaining to asylum.  Petitioner forfeited the arguments by failing to raise them in his opening brief.  Smith v. Marsh, 194 F.3d 1045, 1052 (9th Cir. 1999).  Contrary to Petitioner's contention in the reply brief, no manifest injustice results, and no other exception to forfeiture applies.

2.  Substantial evidence supports the BIA's denial of withholding of removal.  The BIA permissibly concluded that Petitioner failed to show that the government was unable or unwilling to control the persons who might harm him.  See Meza-Vazquez v. Garland, 993 F.3d 726, 729 (9th Cir. 2021) ("A government's inability or refusal to protect against persecution is a core requirement for withholding of removal.").  Neither the excerpt of the country report cited by Petitioner nor any other evidence in the record compels the conclusion that the agency erred.

3.  Substantial evidence likewise supports the agency's denial of protection under the Convention Against Torture.  See B.R. v. Garland, 4 F.4th 783, 800–01

(9th Cir. 2021) (describing the petitioner's burden of establishing governmental acquiescence when seeking relief under the Convention Against Torture).

4. We reject Petitioner's argument that the IJ violated his right to due process. We have carefully reviewed the record, and we see neither unfairness nor substantial prejudice. See Rodriguez-Jimenez v. Garland, 20 F.4th 434, 440 (9th Cir. 2021) ("To prevail on a due process challenge to deportation proceedings, an alien must show error and substantial prejudice." (brackets omitted) (citation omitted)).

**Petition DENIED.**