NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| CANDELARIA RAMIREZ QUINONEZ; J. J. D.-R., <br><br> Petitioners, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No. 23-2556 <br><br> Agency Nos. <br> A208-178-133 <br> A208-178-134 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 10, 2024**

Before: OWENS, LEE, and DESAI, Circuit Judges.

Candela Ramirez Quinonez and her minor son, both Guatemalan citizens, seek review of the Board of Immigration Appeals' (BIA) order affirming the Immigration Judge's (IJ) denial of Ramirez Quinonez's applications for asylum,

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

withholding of removal, and relief under the Convention Against Torture (CAT).[1] We have jurisdiction under 8 U.S.C. § 1252 and deny their petition.

1. Petitioner's opening brief failed to address the agency's determination that she did not establish that Guatemalan authorities would be unwilling or unable to protect her from persecution, and thus petitioner has forfeited review of that issue. *See Hernandez v. Garland*, 47 F.4th 908, 916 (9th Cir. 2022). That failure is dispositive of both her asylum and withholding of removal claims. *See Plancarte Sauceda v. Garland*, 23 F.4th 824, 832 (9th Cir. 2022), *as amended* (asylum eligibility requires a showing that "the persecution was committed by the government, or by forces that the government was unable or unwilling to control"); *Meza-Vasquez v. Garland*, 993 F.3d 726, 729 (9th Cir. 2021) (same for withholding of removal).

2. Even if we were to reach the merits of her asylum and withholding of removal claims, substantial evidence does not compel the conclusion that Guatemalan authorities would be unwilling or unable to protect petitioner from persecution; *see also Velazquez-Gaspar v. Barr*, 976 F.3d 1062, 1064–65 (9th Cir. 2020).

3. Finally, substantial evidence supports the BIA's denial of Ramirez

---

[1] Her son's asylum claim is entirely derivative of Ramirez Quinonez's claims for relief. *See* 8 U.S.C. § 1158(b)(3).

Quinonez's CAT claim. To receive relief under CAT, an applicant must establish that "it is more likely than not that he or she would be tortured if removed," and that such torture would be undertaken "at the instigation of, or with the consent or acquiescence of, a public official." *Hernandez v. Garland*, 52 F.4th 757, 769 (9th Cir. 2022) (quoting 8 C.F.R. §§ 1208.16(c)(2), 1208.18(a)(1)). Ramirez Quinonez claims public officials would likely acquiesce to any physical suffering inflicted on her by her husband because the Guatemalan government allows gangs to freely operate. While willful blindness by public officials to the torture of their citizens by third parties can constitute acquiescence, *Zheng v. Ashcroft*, 332 F.3d 1186, 1196 (9th Cir. 2003), that argument is not supported by substantial evidence. As the agency noted, Guatemalan authorities previously issued Ramirez Quinonez a protective order against her husband. Given that evidence, a factfinder would not be compelled to find that Ramirez Quinonez would be tortured with the acquiescence of Guatemalan public officials. *See Flores-Vega v. Barr*, 932 F.3d 878, 886 (9th Cir. 2019).

    **PETITION DENIED.**