**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| JULIO AGUILAR PERALTA, | No. 22-1609 |
| Petitioner, | Agency No. A095-657-860 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Department of Homeland Security

Submitted May 14, 2024**
Pasadena, California

Before: COLLINS, H.A. THOMAS, and JOHNSTONE, Circuit Judges.

Julio Cesar Aguilar Peralta, a native and citizen of Mexico, petitions for

review of a determination by an immigration judge ("IJ") under 8 C.F.R.

§ 1208.31(g)(1) that he does not have a reasonable fear of persecution or torture in

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Mexico and is therefore not entitled to relief from a reinstated order of removal.

"We review the IJ's determination that the [noncitizen] did not establish a reasonable fear of persecution or torture for substantial evidence." *Bartolome v. Sessions*, 904 F.3d 803, 811 (9th Cir. 2018). We review de novo questions of law, including due process challenges. *Orozco-Lopez v. Garland*, 11 F.4th 764, 774 (9th Cir. 2021). Exercising jurisdiction under 8 U.S.C. § 1252, we deny the petition.

1. Substantial evidence supports the IJ's finding that Aguilar Peralta failed to establish a reasonable fear of persecution on account of a protected ground. Although cartel members previously kidnapped, killed, or extorted money from Aguilar Peralta's relatives, and kidnapped and threatened him personally, the record does not compel a finding that these cartel members were or will be motivated by his family ties. *See Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1018–19 (9th Cir. 2023) ("Where the record indicates that the persecutor's actual motivation for threatening a person is to extort money from a third person, the record does not compel finding that the persecutor threatened the target because of a protected characteristic such as family relation."). And we have previously held that social groups like Aguilar Peralta's proposed group of male Mexican nationals returning to Mexico who are perceived to be wealthy are not cognizable. *See Ramirez-Munoz v. Lynch*, 816 F.3d 1226, 1229 (9th Cir. 2016) (holding that "imputed wealthy Americans" is not a cognizable particular social group). Thus,

Aguilar Peralta's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground." *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010).

2. The record also does not compel a finding that Aguilar Peralta has experienced or is likely to experience persecution on account of his Christian faith. Aguilar Peralta does not challenge the IJ's finding that the harassment his Christian congregation suffered was committed by private actors and has not substantively argued that the Mexican government was or is "unable or unwilling" to control these individuals. His failure to do so defeats his withholding of removal claim. *See Meza-Vazquez v. Garland*, 993 F.3d 726, 729 (9th Cir. 2021) (stating that a "government's inability or refusal to protect against persecution is a core requirement for withholding of removal").

3. Substantial evidence also supports the finding that Aguilar Peralta failed to demonstrate a reasonable possibility of torture by or with the consent or acquiescence of the Mexican government. *See* 8 C.F.R. §§ 208.18(a)(1), 1208.18(a)(1). Although the police arrested Aguilar Peralta for failing to carry identification after he reported that he was robbed, Aguilar Peralta acknowledged that this was a legitimate offense in Mexico. Aguilar Peralta also stated that he believes the police would not protect him from cartels, but the record does not contain "significant evidence establishing government complicity in the criminal

activity" that he experienced, especially where, as here, he never reported his kidnapping. *Andrade-Garcia v. Lynch*, 828 F.3d 829, 836 (9th Cir. 2016); *see also Hernandez v. Garland*, 52 F.4th 757, 770 (9th Cir. 2022) (concluding that, while a noncitizen need not report alleged torture, the petitioner's failure to make the police aware of his harm supported a finding that he did not show government acquiescence). Aguilar Peralta's general knowledge regarding the relationship between the police and cartels, without more, does not establish consent or acquiescence of a government official.[1] *Cf. Alvarado-Herrera v. Garland*, 993 F.3d 1187, 1196–97 (9th Cir. 2021) (finding that a petitioner's statements to an asylum officer that gang members who attacked him wore police uniforms and displayed police badges established a reasonable fear that he would be subject to torture with the acquiescence of local police officers).

4.  Finally, Aguilar Peralta's due process claim fails because he has not established prejudice for any error that may have arisen during his interview with the asylum officer. *See Grigoryan v. Barr*, 959 F.3d 1233, 1240 (9th Cir. 2020). Even if Aguilar Peralta had trouble presenting his entire case to the asylum officer because of technical issues with his interpreter, he was not prejudiced because the

---

[1] Because government consent or acquiescence is dispositive in this case, we decline to reach Aguilar Peralta's arguments concerning the reasonableness of relocation. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) (noting that courts generally "are not required to make findings on issues the decision of which is unnecessary to the results they reach").

IJ allowed him to present his whole story at his hearing. *See Bartolome*, 904 F.3d at 812.

**PETITION DENIED.**