NOT FOR PUBLICATION
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FILED

FEB 11 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ARMEN MANUKYAN; GOHAR MELIKSETYAN; SARA MANUKYAN; LILIA MANUKYAN, | No. 23-1766 |
| Petitioners, | Agency Nos. A216-986-709 A216-986-708 A216-986-710 A216-986-711 |
| v. | |
| PAMELA BONDI, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 6, 2025**
Pasadena, California

Before: SCHROEDER, MILLER, and DESAI, Circuit Judges.

Lead Petitioner, Armen Manukyan ("Manukyan"), his wife and two

daughters, are natives and citizens of Armenia. They petition for review of the

Board of Immigration Appeals decision dismissing their appeal of the Immigration

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

Judge's denial of asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").

The Agency denied asylum and withholding because Petitioners failed to establish that police harmed or threatened Manukyan "because of" a protected ground. 8 U.S.C. § 1231(b)(3)(A); *see also* 8 U.S.C. § 1158(b)(1)(B)(i). Manukyan testified only that officers beat him to drive him out of business and eliminate their competition. Petitioners have identified no evidence that would compel a conclusion that the officers also targeted him because of his political opinion, so the Agency's determination is supported by substantial evidence. *See* 8 U.S.C. § 1252(b)(4)(B); *Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1016, 1018 (9th Cir. 2023) (We may not disturb a nexus determination unless "any reasonable adjudicator would be *compelled* to conclude to the contrary." (quoting *Ruiz-Colmenares v. Garland*, 25 F.4th 742, 748 (9th Cir. 2022))).

The beatings that Manukyan experienced did not amount to torture, and substantial evidence supports the Agency's denial of Petitioners' applications for CAT protection. *See Tzompantzi-Salazar v. Garland*, 32 F.4th 696, 703, 706 (9th Cir. 2022).

Petitioners' request for fees under the Equal Access to Justice Act is denied because they are not eligible "prevailing part[ies]." 28 U.S.C. § 2412(d)(1)(A); *see Meza-Vazquez v. Garland*, 993 F.3d 726, 728 (9th Cir. 2021).

**PETITION DENIED.**