**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 9 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JENIFFER ALEJANDRA FRANCO-DE
RIVERA; ANDRE RIVERA-FRANCO,

No. 24-1623

Agency Nos.
A208-173-547
A208-173-548

Petitioners,

v.

MEMORANDUM*

PAMELA BONDI, Attorney General,

Respondent.

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 7, 2025**

Before: OWENS, LEE, and BUMATAY, Circuit Judges.

Jennifer Alejandra Franco-de Rivera and her minor son (together,

"Petitioners"), natives and citizens of El Salvador, petition for review of the Board

of Immigration Appeals' ("BIA") decision dismissing their appeal from the

Immigration Judge's ("IJ") decision denying their applications for asylum and

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

withholding of removal.[1]  As the parties are familiar with the facts, we do not recount them here.  We deny the petition for review.

1. Petitioners contend that the BIA erred in affirming the denial of their asylum and withholding claims without addressing the issue of nexus.  The BIA determined that Petitioners had failed to contest the IJ's finding that they had not shown the Salvadoran government was unable or unwilling to protect them from gang violence.  That finding is dispositive of both Petitioners' asylum and withholding claims.  *See Sauceda v. Garland*, 23 F.4th 824, 832 (9th Cir. 2022) (asylum); *Meza-Vasquez v. Garland*, 993 F.3d 726, 729 (9th Cir. 2021) (withholding).  Petitioners do not challenge the BIA's waiver determination.  And after reaching this dispositive issue, the BIA was not required to address other issues.  *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004).  Thus, the BIA properly affirmed the denial of Petitioners' asylum and withholding claims.

2. Petitioners also assert that the BIA erred in failing to separately analyze the minor child's claims from the perspective of a child.  Before the IJ and BIA, Petitioners framed the minor's claims as based on Franco-de Rivera's claims and did not contend that they should be treated differently.  Thus, their argument is unexhausted, and we decline to consider it.  *See Umana-Escobar v. Garland*, 69

---

[1] Petitioners do not contest, and have thus waived any challenge to, the BIA's finding that they waived their claim for protection under the Convention Against Torture.  *See Escobar Santos v. Garland*, 4 F.4th 762, 764 n.1 (9th Cir. 2021).

F.4th 544, 550 (9th Cir. 2023).

3. Petitioners further maintain that remand is required because they became eligible for voluntary departure after filing their brief with the BIA, when the BIA decided *Matter of M-F-O-*, 28 I. & N. Dec. 408 (BIA 2021). However, in *Matter of M-F-O-*, the BIA merely adopted nationwide our holding in *Posos-Sanchez v. Garland*, 3 F.4th 1176, 1185-86 (9th Cir. 2021), by which the BIA was already bound. *See* 28 I. & N. Dec. at 416; *see also Melkonian v. Ashcroft*, 320 F.3d 1061, 1065 (9th Cir. 2003) (stating that "[t]he BIA must . . . follow the decisions of our court"). As Petitioners could have briefed this issue before the BIA but did not do so, the issue is unexhausted, and we do not consider it. *See Umana-Escobar*, 69 F.4th at 550.

4. The temporary stay of removal remains in place until the mandate issues.

**PETITION FOR REVIEW DENIED**.