**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FABIO BALBY MORENO, et al., | No. 24-1686 |
| Petitioners, | Agency Nos. A220-325-785 A220-325-786 A220-325-787 |
| v. | |
| PAMELA BONDI, Attorney General, | |
| Respondent. | MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 7, 2025**
Seattle, Washington

Before: HAWKINS, BEA, and BENNETT, Circuit Judges.

Petitioners Fabio Balby Moreno, his wife Veridiana Sousa da Silva Balby,

and their minor child are natives and citizens of Brazil. They seek review of an order

by the Board of Immigration Appeals ("BIA") affirming the decision of the

Immigration Judge ("IJ") denying their applications for asylum, withholding of

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

1.      The BIA held that Petitioners waived their CAT claim because they failed to meaningfully appeal the IJ's denial of protection. Petitioners' brief to our Court does not "specifically and distinctly" argue that this ruling was error, so they have forfeited any challenge to the BIA's waiver determination. *Hernandez v. Garland*, 47 F.4th 908, 916 (9th Cir. 2022) (quoting *Velasquez-Gaspar v. Barr*, 976 F.3d 1062, 1065 (9th Cir. 2020)).

2.      Petitioners challenge the IJ's finding that they failed to show that the Brazilian government is unable or unwilling to protect them from harm. As the government points out, however, Petitioners did not challenge this dispositive finding before the BIA. Thus, it is unexhausted, and we may not review it. *See Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023). Because that finding is dispositive of the asylum and withholding claims, *see Plancarte Sauceda v. Garland*, 23 F.4th 824, 832 (9th Cir. 2022); *Meza-Vazquez v. Garland*, 993 F.3d 726, 729 (9th Cir. 2021), we do not reach Petitioners' remaining arguments on those claims.

3.      Petitioners argue that the IJ's inadequate development of the record and defective translation and transcription of their hearings violated due process. But even if we assume the alleged violations interfered with their ability to present their

case, Petitioners fail to show any prejudice. *See Arizmendi-Medina v. Garland*, 69 F.4th 1043, 1048 (9th Cir. 2023). First, while the transcripts reflect that the IJ twice limited Balby Moreno to a "yes" or "no" answer, that did not prevent him from "providing critical testimony about the events of persecution that are the foundation of his . . . claims." *Oshodi v. Holder*, 729 F.3d 883, 889 (9th Cir. 2013) (en banc). The IJ otherwise asked open-ended questions and provided Balby Moreno and Sousa da Silva Balby several opportunities to present additional narrative testimony. Second, reviewing in context each of the thirteen "untranslated" notations and the four "indiscernible" notations in the transcripts, we conclude none could have affected the outcome of any proceeding.

**PETITION DENIED.**[1]

---

[1] The temporary stay of removal remains in place until the mandate issues. The motion to stay removal, Dkt. No. 3, is otherwise denied.