NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

OCT 14 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

SILVIA JULIANA RODRIGUEZ-APARICIO; J.E. RODRIGUEZ-APARICIO,

Petitioners,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 24-3085

Agency Nos.
A240-247-454
A240-493-901

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 9, 2025**
San Francisco, California

Before: S.R. THOMAS, NGUYEN, and BRESS, Circuit Judges.

Silvia Juliana Rodriguez-Aparicio and her minor son, J.E., natives and

citizens of Colombia, petition for review of a Board of Immigration Appeals (BIA)

decision dismissing their appeal of an Immigration Judge's (IJ) order denying their

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT).[1] We review the denial of asylum, withholding of removal, and CAT protection for substantial evidence. *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019). "Under this standard, we must uphold the agency determination unless the evidence compels a contrary conclusion." *Id.* We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

1. Substantial evidence supports the denial of asylum and withholding of removal. For both asylum and withholding of removal, Rodriguez-Aparicio must demonstrate that her persecution was "committed by the government" or "by forces that the government was unable or unwilling to control." *Velasquez-Gaspar v. Barr*, 976 F.3d 1062, 1064 (9th Cir. 2020) (quoting *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1062 (9th Cir. 2017) (en banc)).

In this case, the agency permissibly concluded that Rodriguez-Aparicio failed to show that the Colombian government was unable or unwilling to control her ex-partner Julian or paramilitary members in El Infierno. Rodriguez-Aparicio did not report to the authorities her ex-partner's violence or the attack by paramilitary members. *See Meza-Vazquez v. Garland*, 993 F.3d 726, 730 (9th Cir. 2021) (the absence of a police report leaves "'a gap in proof about how the government would

---

[1] Rodriguez-Aparicio's son is a derivative beneficiary, and his claims are based on Rodriguez-Aparacio's. We refer to petitioners collectively as "Rodriguez-Aparicio."

respond' to the crime, and that gap must be filled in 'by other methods' to show the government was unable or unwilling to act" (citation omitted)). When Rodriguez-Aparicio's neighbor did call the police over Julian's harassment, however, the police came to Rodriguez-Aparicio's apartment and asked Julian to leave, which he did. While the country conditions evidence is mixed, the agency adequately considered it, and it does not compel a different result. *See, e.g.*, *Velasquez-Gaspar*, 976 F.3d at 1065 ("[A]lthough the State Department reports make clear that Guatemala still has a long way to go in addressing domestic violence, the country's efforts, coupled with the pleas of Velasquez-Gaspar's acquaintances, suggest that she could have obtained help."); *Singh v. Garland*, 46 F.4th 1117, 1123 (9th Cir. 2022) ("[T]he BIA can draw its own conclusions from contradictory and ambiguous country conditions reports."). Nor did the agency err in assigning little weight to the vague letters submitted by Rodriguez-Aparicio's mother and aunt because neither testified at the merits hearing. *See Mukulumbutu v. Barr*, 977 F.3d 924, 927 (9th Cir. 2020) (holding that the agency did not err by affording affidavit "limited weight" because declarant was an interested party and unavailable for cross-examination).

Rodriguez-Aparicio also challenges the IJ's determination that she failed to establish a nexus between her claimed persecution by paramilitary members and a protected ground. But the BIA did not reach the nexus issue, so we do not here. *See Velasquez-Gaspar*, 976 F.3d at 1064 ("We review only the BIA's decision, except to

the extent it expressly adopted portions of the IJ's decision.") (quoting *Rayamajhi v. Whitaker*, 912 F.3d 1241, 1243 (9th Cir. 2019)).

2. Substantial evidence likewise supports the denial of CAT relief. To prevail on her CAT claim, Rodriguez-Aparicio must show that, "taking into account all possible sources of torture, [s]he is more likely than not to be tortured" if removed to Colombia. *Velasquez-Samayoa v. Garland*, 49 F.4th 1149, 1156 (9th Cir. 2022). Torture is "an extreme form of cruel and inhuman treatment," 8 C.F.R. § 1208.18(a)(2), which is "inflicted by, or at the instigation of, or with the consent or acquiescence of, a public official acting in an official capacity or other person acting in an official capacity," 8 C.F.R. § 1208.18(a)(1). "Evidence that the police were aware of a particular crime, but failed to bring the perpetrators to justice, is not in itself sufficient to establish acquiescence in the crime." *Garcia-Milian v. Holder*, 755 F.3d 1026, 1034 (9th Cir. 2014).

Rodriguez-Aparicio does not make any independent arguments regarding CAT relief. And for the reasons discussed above, substantial evidence supports the agency's finding that Rodriguez-Aparicio failed to establish that the Colombian government would acquiesce to the torture she fears at the hands of private actors.

**PETITION DENIED.**[2]

---

[2] Rodriguez-Aparicio's motion to stay removal, Dkt. 30, is denied. The temporary stay of removal shall remain in place until the mandate issues.

24-3085