NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

NOV 25 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

IRVING DUARTE-VALDEZ,

Petitioner,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 25-1049

Agency No.
A208-581-187

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 21, 2025[**]
Phoenix, Arizona

Before: MURGUIA, Chief Judge, and HAWKINS and HURWITZ, Circuit Judges.

Irving Duarte-Valdez, a native and citizen of Mexico, petitions for review of

a decision of the Board of Immigration Appeals ("BIA") dismissing an appeal from

an order of an Immigration Judge ("IJ") denying withholding of removal. Duarte

argues that the BIA violated "his due process rights by committing legal error in

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

consideration of his withholding of removal claim." We review de novo whether the agency denied an applicant due process, *Troncoso-Oviedo v. Garland*, 43 F.4th 936, 939 (9th Cir. 2022), and will grant a petition for review only if "(1) the proceeding was so fundamentally unfair that the alien was prevented from reasonably presenting his case, and (2) the alien demonstrates prejudice, which means that the outcome of the proceeding may have been affected by the alleged violation." *Ibarra-Flores v. Gonzales*, 439 F.3d 614, 620-21 (9th Cir. 2006) (cleaned up).

We have jurisdiction under 8 U.S.C. § 1252 and deny the petition.

1.      Duarte argues he was denied due process because the BIA did not specify the standard of review applied to the IJ's determination that Duarte could safely relocate. "Due process and this court's precedent require a minimum degree of clarity in dispositive reasoning and in the treatment of a properly raised argument." *Su Hwa She v. Holder*, 629 F.3d 958, 963 (9th Cir. 2010), *superseded by statute on other grounds as stated in Ming Dai v. Sessions*, 884 F.3d 858, 868 n.8 (9th Cir. 2018).

Duarte was not denied due process. The BIA's citation to the standards of review listed in 8 C.F.R. § 1003.1(d)(3) at the beginning of its decision provided the required "minimum degree of clarity." *Id.* at 963; *see also Iraheta-Martinez v. Garland*, 12 F.4th 942, 956 (9th Cir. 2021) ("[T]he BIA set forth the correct standard of review at the outset of its opinion, citing 8 C.F.R. § 1003.1(d)(3), and [the

petitioner] does not point to, and we cannot find, any portion of the opinion that strayed from this standard."). In any event, Duarte was not prejudiced, because the BIA correctly applied clear error review to the IJ's dispositive finding that the Mexican government was not unable or unwilling to control Duarte's attackers. *See Meza-Vazquez v. Garland*, 993 F.3d 726, 729 (9th Cir. 2021) ("A government's inability or refusal to protect against persecution is a core requirement for withholding of removal.").

2.    Duarte also argues that the BIA failed to consider "his credible testimony that the assailants who shot at him are members of organized crime" and "that the police in Mexico refused to provide [his] mother with copies of the incident report, citing their fear of repercussions from members of organized crime." "[A]n alien attempting to establish that the Board violated his right to due process by failing to consider relevant evidence must overcome the presumption that it did review the evidence." *Larita-Martinez v. I.N.S.*, 220 F.3d 1092, 1095-96 (9th Cir. 2000).

In discussing government control, the BIA cited the IJ's decision, the hearing transcript, and Duarte's brief. The BIA therefore provided a "comprehensible reason for its decision sufficient for us to conduct our review and to be assured that [Duarte]'s case received individualized attention." *Ghaly v. I.N.S.*, 58 F.3d 1425, 1430 (9th Cir. 1995). Because Duarte merely "gestures broadly at the record and claims that the agency ignored his evidence," *Cruz v. Bondi*, 146 F.4th 730, 742 (9th

Cir. 2025), he has not rebutted the presumption that the agency "thoroughly consider[ed] all relevant evidence." *Szonyi v. Whitaker*, 915 F.3d 1228, 1238 (9th Cir. 2019).

3.   Finally, Duarte argues that the BIA denied him due process by failing to evaluate each relocation factor in 8 C.F.R. § 1208.16(b)(3). But absent any indication that the agency failed to consider relevant evidence, a "general statement" by the BIA that it "considered all documentary and testimonial evidence, whether or not discussed," satisfies due process. *Almaghzar v. Gonzales*, 457 F.3d 915, 922 (9th Cir. 2006).

In reviewing the relocation finding, the BIA noted that Duarte's "stated fear is conclusory and the likelihood of his future harm is not supported by objective evidence." This indicates that the BIA considered the evidence in the record and agreed with the IJ that Duarte failed to meet his burden. In any event, because the government control finding is dispositive, *Meza-Vazquez*, 993 F.3d at 729, Duarte was not prejudiced by any error in the BIA's review of the relocation finding, *Grigoryan v. Barr*, 959 F.3d 1233, 1240 (9th Cir. 2020) ("Substantial prejudice is established when the outcome of the proceeding may have been affected by the alleged violation." (cleaned up)).

**PETITION FOR REVIEW DENIED.**[1]

---

[1]   The stay of removal, **Dkt. 2**, will dissolve upon the issuance of the mandate.