NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAN 12 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ROBERT SANTIAGO-PATINIO,

Petitioner,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 25-433

Agency No.
A201-580-638

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 8, 2026[**]
Phoenix, Arizona

Before: HAWKINS, RAWLINSON, and BRESS, Circuit Judges.

Robert Santiago-Patinio, a native and citizen of Ecuador, petitions for review

of a Board of Immigration Appeals (BIA) decision dismissing his appeal of an

Immigration Judge's (IJ) order denying his applications for asylum, withholding of

removal, and protection under the Convention Against Torture (CAT). We review

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

the denial of asylum, withholding of removal, and CAT protection for substantial evidence. *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019). "Under this standard, we must uphold the agency determination unless the evidence compels a contrary conclusion." *Id.* We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

1. Substantial evidence supports the denial of asylum and withholding of removal. For both asylum and withholding of removal, Santiago-Patinio must demonstrate that his persecution on a protected ground was "committed by the government" or "by forces that the government was unable or unwilling to control." *Velasquez-Gaspar v. Barr*, 976 F.3d 1062, 1064 (9th Cir. 2020) (quoting *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1062 (9th Cir. 2017) (en banc)).

In this case, the agency permissibly concluded that Santiago-Patinio failed to show that the Ecuadorian government was unable or unwilling to control private actors in Ecuador who would allegedly seek to harm him based on his sexual orientation. Santiago-Patinio did not report to the authorities the alleged assaults from his classmates, coworkers, or others. *See Meza-Vazquez v. Garland*, 993 F.3d 726, 730 (9th Cir. 2021) (the absence of a police report leaves "'a gap in proof about how the government would respond' to the crime, and that gap must be filled in 'by other methods' to show the government was unable or unwilling to act" (citation omitted)).

Santiago-Patinio also testified that he was aware of some occasions when the Ecuadorian police investigated hate crimes based on sexual orientation.

The country conditions evidence also supports the agency's conclusion. As the agency noted, the government of Ecuador has instituted and enforces protections for members of the LGBT community. While there are some reports of lax enforcement, that evidence does not compel a different result. *See, e.g.*, *Singh v. Garland*, 46 F.4th 1117, 1123 (9th Cir. 2022) ("[T]he BIA can draw its own conclusions from contradictory and ambiguous country conditions reports.").

2. Substantial evidence likewise supports the denial of CAT relief. To prevail on his CAT claim, Santiago-Patinio must show that, "taking into account all possible sources of torture, he is more likely than not to be tortured" if removed to Ecuador. *Velasquez-Samayoa v. Garland*, 49 F.4th 1149, 1156 (9th Cir. 2022). Torture is "an extreme form of cruel and inhuman treatment," 8 C.F.R. § 1208.18(a)(2), which is "inflicted by, or at the instigation of, or with the consent or acquiescence of, a public official acting in an official capacity or other person acting in an official capacity," *id.* § 1208.18(a)(1).

Santiago-Patinio makes the same arguments regarding CAT relief as he does regarding asylum and withholding. For the reasons discussed above, substantial evidence supports the agency's finding that Santiago-Patinio failed to establish that

the Ecuadorian government would acquiesce to the torture he fears at the hands of private actors.

**PETITION DENIED.**