NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

APR 21 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JENNIFER MARIA JOSE STEWART-RIVERA; N. A. A. P.-S., <br><br> Petitioners, <br><br> v. <br><br> TODD BLANCHE, Acting Attorney General, <br><br> Respondent. | No. 25-2942 <br><br> Agency Nos. <br> A203-790-928 <br> A203-790-927 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 17, 2026[**]
San Francisco, California

Before: RAWLINSON, R. NELSON, and BADE, Circuit Judges.

Jennifer Maria Jose Stewart-Rivera and her minor daughter (Petitioners),

natives and citizens of Guatemala, petition for review of the Board of Immigration

Appeals' (BIA) decision dismissing their appeal from an immigration judge's (IJ)

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

decision denying their applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252. We deny the petition for review.

1. The BIA affirmed the denial of asylum and withholding of removal because it determined that Petitioners did not establish that the government of Guatemala is unable or unwilling to control the perpetrators of any past or feared persecution. *See Guevara-Serrano v. Bondi*, 164 F.4th 1133, 1135–37 (9th Cir. 2026) ("[T]he relevant inquiry is whether the government both could *and* would provide protection." (quoting *J.R. v. Barr*, 975 F.3d 778, 782 (9th Cir. 2020))). Substantial evidence supports this determination, which is dispositive of Petitioners' asylum and withholding of removal claims. *See Plancarte Sauceda v. Garland*, 23 F.4th 824, 832 (9th Cir. 2022); *Meza-Vazquez v. Garland*, 993 F.3d 726, 729 (9th Cir. 2021). Accordingly, we do not consider Petitioners' remaining arguments related to asylum and withholding of removal. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach."); *accord Lemus-Escobar v. Bondi*, 158 F.4th 944, 966 (9th Cir. 2025).

2. Stewart-Rivera asserts that the IJ violated her due process rights by failing to consider her claim for humanitarian asylum. In her brief to the BIA, Stewart-Rivera argued that the IJ erred by failing to consider her humanitarian

asylum claim. The BIA noted Stewart-Rivera's argument but determined that such relief was unavailable because Petitioners had not demonstrated past persecution on account of a protected ground. *See* 8 C.F.R. § 1208.13(b)(1)(iii) (providing that humanitarian asylum may be granted only to an applicant who suffered past persecution). Stewart-Rivera does not challenge the BIA's determination. Thus, as Respondent argues, Stewart-Rivera has forfeited review of this portion of the BIA's decision. *See Hernandez v. Garland*, 47 F.4th 908, 916 (9th Cir. 2022) (arguments that are not meaningfully developed in a petitioner's opening brief are forfeited).

3. Substantial evidence supports the agency's denial of CAT protection because Petitioners failed to show that it is more likely than not that they will be tortured by or with the consent or acquiescence of the government if returned to Guatemala. *See* 8 C.F.R. § 1208.18(a)(1); *Arrey v. Barr*, 916 F.3d 1149, 1160 (9th Cir. 2019) (explaining that "[t]he torture must be by government officials or private actors with government acquiescence" to qualify for CAT relief); *see also Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010) (holding that "generalized evidence of violence and crime" does not establish a likelihood of torture). Petitioners' conclusory assertion that they have met the CAT requirements is insufficient to demonstrate that the record compels a conclusion contrary to the one

reached by the agency. *See Cacoperdo v. Demosthenes*, 37 F.3d 504, 510 (9th Cir. 1994); *Olea-Serefina v. Garland*, 34 F.4th 856, 867 (9th Cir. 2022).

**PETITION DENIED.**[1]

---

[1] The motion for a stay of removal is denied. Dkts. 2, 9.