NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAY 20 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| YANIRA YAMILETT GALICIA GARCIA; JESSICA YAMILETT GALICIA GARCIA, <br><br> Petitioners, <br><br> v. <br><br> TODD BLANCHE, Acting Attorney General, <br><br> Respondent. | No. 24-4902 <br><br> Agency Nos. <br> A212-998-022 <br> A203-763-895 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 18, 2026**
Phoenix, Arizona

Before: BERZON, M. SMITH, and HURWITZ, Circuit Judges.

Yanira Yamilett Galicia Garcia and her minor daughter Jessica Yamilett

Galicia Garcia, natives and citizens of El Salvador, petition for review of a decision

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

of the Board of Immigration Appeals ("BIA") summarily affirming an order of an Immigration Judge ("IJ") denying asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").[1] We have jurisdiction under 8 U.S.C. § 1252. Because the BIA summarily affirmed under 8 C.F.R. § 1003.1(e)(4), "the IJ's decision becomes the BIA's decision and we evaluate the IJ's decision as we would that of the Board." *Lanza v. Ashcroft*, 389 F.3d 917, 925 (9th Cir. 2004) (cleaned up). We deny the petition.

1.     To qualify for asylum or withholding, Galicia must establish a fear of persecution "committed by the government or by forces that the government [is] unwilling or unable to control." *Aleman-Belloso v. Bondi*, 128 F.4th 1031, 1044 (9th Cir. 2024) (cleaned up); *see also* 8 C.F.R. § 1208.1(e). Garcia did not claim a fear of persecution by the Salvadoran government, and the IJ found that Galicia did not establish that the government is unwilling or unable to protect her against her abuser. We review that finding for substantial evidence. *Diaz v. Bondi*, 129 F.4th 546, 555 (9th Cir. 2025).

Galicia's admission that no one reported the domestic abuse she suffered to police leaves "a gap in proof about how the government would respond to the crime,

---

[1]     Jessica is listed as a derivative beneficiary of her mother's asylum application, and submitted her own application for relief. The IJ did not address Jessica's application separately, and petitioners raise no distinct arguments about Jessica. We therefore address only the mother's arguments.

and that gap must be filled in by other methods." *Meza-Vazquez v. Garland*, 993 F.3d 726, 730 (9th Cir. 2021) (cleaned up). As the IJ noted, the record evidence indicated that the Salvadoran government has passed "broader legislation seeking to curb violence against women," and total rates of violence have declined. Because the evidence only "provide[s] mixed support for [Galicia's] case," *id.*, the IJ was permitted to "draw its own conclusions from contradictory and ambiguous country conditions reports," *Singh v. Garland*, 46 F.4th 1117, 1123 (9th Cir. 2022), and the record does not compel a conclusion that the IJ erred.[2]

2.      Galicia forfeited any challenge to the denial of CAT protection by failing to raise the issue in her opening brief. *Escobar Santos v. Garland*, 4 F.4th 762, 764 n.1 (9th Cir. 2021).

**PETITION FOR REVIEW DENIED.**[3]

---

[2]      Because failure to establish the Salvadoran government's unwillingness or inability to control her abuser is dispositive of Galicia's asylum and withholding claims, *see Velasquez-Gaspar v. Barr*, 976 F.3d 1062, 1065 (9th Cir. 2020), we need not consider her arguments that the IJ erred in concluding that her proposed social groups ("PSGs") were not cognizable or that she failed to show a nexus between those proposed PSGs and the past abuse she suffered or feared future abuse.

[3]      The stay of removal, **Dkt. 2,** will dissolve upon issuance of the mandate.